NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEX REIZNER, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>PIONEER CREDIT RECOVERY, INC.,<br><br>Defendant. | Civil Action No. 18-16014 (JLL)<br><br>OPINION |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant Pioneer Credit Recovery, Inc.'s Motion to Dismiss Plaintiff Alex Reizner's Class Action Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7). Plaintiff filed opposition and Defendant replied thereto. (ECF Nos. 13, 14). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, the Court denies Defendant's Motion.

## I.    BACKGROUND[1]

Plaintiff applied for and obtained student loans for his daughter from the United States Department of Education ("DOE"). (Compl. ¶ 22; *see also* Compl. at Exs. A, D). In doing so, Plaintiff specifically agreed to "pay to [DOE] all loan amounts disbursed under the terms of this [master promissory note ("MPN")], plus interest and other charges and fees that may become due

---

[1] This background is derived from Plaintiff's Complaint, (ECF No. 1 ("Compl.")), which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

as provided in this MPN." (Compl. at Ex. A). Plaintiff further promised to "pay reasonable collection costs, including but not limited to attorney's fees, court costs, and other fees." (*Id.*).

Although Plaintiff does not specify when, at some point he allegedly defaulted on the student loans and, in October 2018, DOE referred the resulting debt to Defendant, a debt collection company. (Compl. ¶¶ 7–8, 28). On October 9, 2018, Defendant mailed a letter to Plaintiff in an attempt to collect on the debt allegedly owed to DOE. (Compl. ¶ 29). Specifically, the letter stated that Plaintiff was "responsible to repay this debt [to DOE] in full, including the principal, interest, fees and any collection costs [DOE] applied to [Plaintiff's] balance as a result of placing [Plaintiff's] account with a collection agency." (Compl. at Ex. B, p. 1). Defendant then specified the charges allegedly owed by Plaintiff to the DOE as follows:

| Principal | Interest Rate | Interest | Collection Charge |
|---|---|---|---|
| $30,374.77 | 7.9% | $13,099.31 | $7,790.56 |
| $28,913.39 | 7.9% | $12,469.17 | $7,415.75 |

(Compl. at Ex. B, p. 3).

As shown in this chart, Defendant asserted in the letter that Plaintiff allegedly owed around $100,062.95, wherein $15,206.31 was related to collection charges. (*See id.*). On October 22, 2018, Plaintiff, through counsel, contested the validity of the debt and requested verification of same. (Compl. ¶ 51). Plaintiff received a response letter that day, which indicated that the total amount owed by Plaintiff was $84,984.88. (Compl. ¶ 53; *see also* Compl. at Ex. D (attaching the response letter and showing same)). According to Plaintiff, the response letter did not include the collection charge indicated by Defendant, and, at the time the response letter was sent, Defendant had not yet charged DOE for the collection costs in an amount equal to $15,206.31. (Compl. ¶¶ 45, 54–55). Plaintiff further alleges that the "$15,206.31, represents the contingency fee

2

agreement between [Defendant] and [DOE] rather than a pre-paid, flat fee." (Compl. ¶ 40). To date, Plaintiff has not made any payment to Defendant for the allegedly outstanding debt, including the $15,206.31 collection charge. (Compl. ¶¶ 37–38).

Plaintiff alleges that he did not owe the $15,206.31 collection charge at the time Defendant's letter was sent, and that Defendant's representation of same was a deceptive attempt to collect an amount greater than the amount actually due. (Compl. ¶¶ 56, 60, 66). Plaintiff further alleges that similar collection letters were sent to other individuals, and that these individuals made payments for collection costs that were not actually due based on Defendant's representations. (Compl. ¶¶ 10, 50, 57, 60). Accordingly, on November 9, 2018, Plaintiff brought this case against Defendant asserting a single cause of action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (Compl. ¶¶ 61–74). In his Complaint, Plaintiff is seeking actual and statutory damages, injunctive relief, and attorney fees and costs. (Compl. at p. 12–13). Defendant now moves to dismiss.

## II.  LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

3

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the Court must: (1) "tak[e] note of the elements [the] plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. ANALYSIS

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). When Congress passed the legislation in 1977, it found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* § 1692(a). "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). Accordingly, the Court must "analyze the communication giving rise to the FDCPA claim 'from the perspective of the least sophisticated debtor.'" *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d

218, 221 (3d Cir. 2008)), *abrogated on other grounds by, Obduskey v. McCarthy & Holthus LLP*, No. 17-1307, 2019 WL 1264579, at *4 (U.S. Mar. 20, 2019).

To prevail on a claim under the FDCPA,

> a plaintiff must prove that (1) [he or] she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt.

*Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citation omitted).

At issue here is the fourth prong, *i.e.*, whether Defendant violated a provision of the FDCPA in attempting to collect the debt. Specifically, Plaintiff alleges that Defendant violated the FDCPA by including a false and misleading statement that a specific collection charge was due at the time the letter was sent when said charge had not yet been incurred. (Compl. ¶¶ 61–70; ECF No. 13 at 1).

Defendant argues that Plaintiff's allegations do not show that the letter contained any false or misleading statement, and therefore fail as a matter of law to show a violation of the FDCPA, because DOE was required to charge Plaintiff the reasonable amount for collecting on the debt under the Higher Education Act ("the HEA"), its implementing regulations, and the student loan agreement between Plaintiff and DOE. (*See generally* ECF No. 7-1). Relying on its interpretation of the HEA's implementing regulations and DOE's procedural manual, Defendant further argues that the $15,206.31 collection charge included in its letter was reasonable because: (1) any rate under 24.34% for collection charges is supposedly reasonable under DOE's procedures when a private collection agency is involved; and (2) the rate for collection charges in this case was 17.92%, *i.e.*, lower than the maximum amount considered reasonable. (*Id.* at 4–6, 11).

5

These arguments misconstrue the nature of Plaintiff's allegations. Defendant is correct that a borrower who defaults on a loan is "required to pay . . . reasonable collection costs" under the HEA. 20 U.S.C. § 1091a(b)(1). Contrary to Defendant's argument, however, Plaintiff does not dispute that he potentially had to pay some collection charge at some point in time. (ECF No. 13 at 1, 8). Instead, what Plaintiff is actually alleging in his Complaint is that it was false and misleading for Defendant to include the $15,206.31 collection charge in its letter when: (1) said collection charge was not for a flat fee but rather was for a contingency fee between DOE and Defendant based on the collection of the debt; (2) DOE and Defendant did not incur any expense in collecting the debt at the time the letter was sent; and (3) Defendant did not collect any debt from Plaintiff. (Compl. ¶¶ 37–38, 40, 45, 54–56, 60, 66). Considering that the collection charge was allegedly contingent on the collection of the debt, Plaintiff claims that the collection charge could not be calculated, nor could it be determined as reasonable, at the time Defendant sent its collection letter. (*See generally* ECF No. 13).

When taking these allegations as true, which the Court must at this stage of the proceedings, and under the least sophisticated debtor standard, Plaintiff has sufficiently stated a FDCPA claim in order to survive dismissal based on the allegedly false or misleading inclusion of a contingent fee that had yet to be charged, incurred, or due. *See Ardino v. Solomon & Solomon, P.C.*, No. 13-1821, 2014 WL 268680, at *4–6 (D.N.J. Jan. 23, 2014) (concluding same in the context of attorney fees that were contingent on the collection of a student loan debt); *Hernandez v. Miracle Fin., Inc.*, No. 11-4074, 2011 WL 6328216, at *10 (D.N.J. Dec. 13, 2011) (denying a motion to dismiss and finding that "Plaintiff states a claim sufficient to state a plausible right to relief [under the FDCPA] regarding the inclusion of a contingent fee not yet charged to which [the defendant] was only entitled in the event of successful collection.") (citations omitted); *see also Destro v. Tsarouhis*


*Law Grp., LLC*, No. 18-2374, 2019 WL 1327365, at *4 (M.D. Pa. Mar. 25, 2019) (denying a motion to dismiss and finding that the plaintiff sufficiently stated a claim for a violation of the FDCPA when the underlying loan agreement included the collection of attorney fees, but no attorney fees were actually incurred at the time the collection letter was sent).[2] To conclude otherwise would be inappropriate at this early stage of the proceedings where the Court only considers the pleadings and where the parties have not had the benefit of discovery. Accordingly, the Court shall deny Defendant's Motion.

### IV. CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss is hereby denied. An appropriate Order follows this Opinion.

Dated: April 11, 2019.

JOSE L. LINARES
Chief Judge, United States District Court

---

[2] Though not specifically addressed by the parties, the Court notes that its preliminary conclusion at the motion to dismiss stage appears to be further supported by the HEA's implementing regulations, where one such regulation in particular states that a borrower shall be charged "an amount equal to reasonable costs *incurred* by the agency in collecting a loan" and said costs may include "collection agency charges." 34 C.F.R. § 682.410(b)(2) (emphasis added). In making this observation, the Court does not draw any conclusion as to the application of these regulations at this time.

7